UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

Brian Loberg,

    Plaintiff,

vs.

Caterpillar, Inc.,

    Defendant.

Court File No. _____
Judge: The Hon._____
Case Type: Employment

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff, by his attorneys, Halunen Law, brings this action for damages and other legal and equitable relief resulting from Defendant's violations of law. For his claims and causes of action, Plaintiff respectfully states and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the laws of the United States; specifically the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2612(a)(1)(D), as well as the North Dakota Human Rights Act ("NDHRA") N.D. Cent. Code § 14-02.4-01, *et seq.* Therefore, this Court has original subject matter jurisdiction over the claims stated herein under Title 28 U.S.C. §§ 1331 and 42 U.S.C. § 2000e-5(f)(3).

2. This Court also has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because it is between citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

3. Plaintiff further invokes the supplemental jurisdiction of this Court over his claims arising under state law pursuant to Title 28 U.S.C. § 1367(a).

1

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and Defendant does substantial business within North Dakota.

## PARTIES

5. At all times material herein, Plaintiff Brian Loberg was and is a resident of the City of Fargo, County of Cass, State of North Dakota.

6. At all times material herein, Defendant Caterpillar, Inc., was and is a corporation duly organized and existing under the laws of the State of Illinois.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff Brian Loberg began working for Defendant Caterpillar in 1998, and he remained in its employ until Defendant Caterpillar fired him on or about July 28, 2017.

8. At all times material herein, Plaintiff Loberg was and is hearing impaired, and is substantially limited in one or major life activities; specifically, hearing. As such, Plaintiff Loberg suffers from a "disability" within the meaning of both the ADA, 42 U.S.C. § 12102(1)(A)-(2)(A), and the NDHRA, N.D. Cent. Code § 14-02.4-02(5).

9. At the time of his termination, Plaintiff Loberg was working for Defendant Caterpillar as an Assembly Master Technician II at its facility in West Fargo, North Dakota.

10. In March 2016, Plaintiff Loberg began experiencing back pain while at work.

11. On or about March 8, 2016, Plaintiff Loberg reported to work, but his back pain precluded him from performing the duties of his job, and he therefore attempted, on two occasions, to report his need for medical attention to Defendant's company nurse, Kathy Hagar. On both occasions, Ms. Hagar was unavailable. Unable to locate Ms. Hagar, Plaintiff Loberg sought

medical attention and was given instructions by his physician to remain off work from March 8-10, 2016.

12. On or about March 9, 2016, Plaintiff Loberg informed one of his supervisors, Brant Flemmer, about his injury and corresponding work restrictions. Mr. Flemmer instructed Plaintiff Loberg to return to work on March 18, which he did, on light duty status.

13. On or about March 31, 2016, without warning or explanation, Defendant abruptly summoned Plaintiff Loberg to a meeting with a number of supervisory officials (upon information and belief, those individuals included Todd Pope, Ms. Hagar, Perry McLellan and Mr. Flemmer).

14. Because of his disability, Plaintiff Loberg had great difficulty hearing and understanding what was being said during the meeting, but he ultimately learned that, despite having already provided Defendant with a note from his doctor documenting his physical condition and corresponding work restrictions, Defendant was requiring him to gather and submit all medical records related to the injury.

15. Plaintiff Loberg did as he had been instructed, whereupon he was summoned to another meeting with the above-named individuals, who chastised him for allegedly failing to report his injury before leaving work to seek medical attention on March 8, and who told him they did not believe he was actually injured.

16. Defendant then forced Plaintiff Loberg to sign a release disclaiming any claim for workers' compensation benefits, issued him a written reprimand in connection with his injury, and instructed him to return to full duty (despite the fact that his physician had restricted him to light duty).

17. Additionally, before Defendant permitted Plaintiff Loberg to return to work, it required him to undergo a physical examination, during which Defendant subjected him to medical tests (e.g., blood pressure monitoring), and administered him over the counter pain medication.

18. Thereafter, on or around July 17, 2017, Plaintiff Loberg began experiencing medical issues related to the cochlear implant he used to mitigate his hearing impairment.

19. Because these medical issues precluded Plaintiff Loberg from working for a number of days, he informed Defendant of their existence and, on or about July 23, 2017, provided Defendant with a note from his doctor documenting his condition, his corresponding absence from work, and his release to return to work on July 24, 2017.

20. Plaintiff Loberg's supervisor, Tony Dahlen, conceded that the doctor's note was "sufficient to excuse you [Plaintiff Loberg] from work for the week of [July] 17th," but nevertheless insisted that Plaintiff undergo an evaluation by Defendant's company nurse before being allowed to resume his duties.

21. Given his previous experience with company-mandated medical evaluations, and because he had already provided Defendant with documentation it deemed sufficient to establish his medical condition and corresponding ability to return to work, Plaintiff Loberg texted Mr. Dahlen declining to see Defendant's nurse and "be abused again."

22. On or about July 24, 2017, Plaintiff Loberg received a voicemail from Carla Hanson, one of Defendant's Human Resources Representatives. Because of his hearing impairment, Plaintiff Loberg could not hear the message, and he therefore responded to Ms. Hanson in writing, reiterating that he had provided Defendant with medical documentation of his condition and ability to resume work, and noting that he did not want to "go to nurse office again to everybody yell and yell" at him.

23. On or about July 26, 2017, Ms. Hanson emailed Plaintiff Loberg and again mandated that he see Defendant's nurse before he would be allowed to resume his duties, and noting that his failure to "make these arrangements may result in further disciplinary action up to and including termination."

24. Plaintiff Loberg responded via email, stating "I not going [to the nurse's] office alone no more. Managers holler at me and no one stop it. You talk to managers. I not take abuse any more."

25. On August 2, 2017, Defendant sent Plaintiff Loberg a letter stating that "effective July 28, 2017, you have been separated from the Company for violation of the facility's attendance policy."

26. On January 9, 2018, Plaintiff Loberg filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC), and on October 22, 2018, the EEOC issued its Right to Sue notice.

## CAUSES OF ACTION

### COUNT I

**Disability Discrimination in Violation of
the Americans with Disabilities Act, 42 U.S.C. § 12101,** *et seq.*

27. Plaintiff Loberg repeats, reallages, and incorporates by reference all preceding paragraphs as if fully set forth herein.

28. As used in the ADA, the term "covered entity" means "an employer, employment agency, labor organization, or joint labor management committee." 42 U.S.C. § 12111(2).

29. As used in the ADA, the term "employee" means "an individual employed by an employer." 42 U.S.C. § 12111(4).

30. As used in the ADA, the term "employer" means "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 12111(5)(A).

31. At all times material herein, Defendant Caterpillar was engaged in an industry affecting commence and had 15 or more employees for each working day in each of 20 or more calendar weeks; as such Defendant Caterpillar is an "employer" and a "covered entity" under the ADA.

32. At all times material herein, Plaintiff Loberg was employed by Defendant Caterpillar, and as such was an "employee" under the ADA.

33. As used in the ADA, the term "qualified individual" means "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C.A. § 12111(8).

34. At all times material herein, Plaintiff Loberg was able, with or without reasonable accommodation, to perform the essential functions of his job with Defendant Caterpillar, and was thus a "qualified individual" under the ADA.

35. The ADA provides, in relevant part, that "[n]o covered entity shall discriminate against a qualified individual on the basis of a disability in regard to the job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

36. As used in the ADA, the term "discriminate against a qualified individual on the basis of disability" includes: "utilizing standards, criteria, or methods of administration - - (A) that have the effect of discrimination on the basis of disability;" "not making reasonable

accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee;" and "using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity." 42 U.S.C. § 12112(b)(3)(A), (b)(5)(A), and (b)(6).

37. The ADA's prohibition against discrimination also includes medical examinations and inquiries. 42 U.S.C. § 12112(d)(1). Specifically, the ADA provides, in relevant part, that:

> A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

42 U.S.C. § 12112(d)(4)(A).

38. As set forth at length in the paragraphs above, Defendant Caterpillar "discriminated against a qualified individual;" i.e., Plaintiff Loberg, by utilizing return to work "standards, criteria or other methods of administration" that "have the effect of discrimination on the basis of disability," and by using "qualification standards, employment tests, or other selection criteria that screen out or tend to screen out" individuals with a disability. Specifically, Defendant required Plaintiff Loberg to provide medical documentation over and above that his supervisor admitted was "sufficient" to document his condition and ability to return to work, and further made unlawful "inquiries" as to the "nature or severity" of his disability and/or sought to compel his attendance at a medical examination, thereby violating the ADA.

39. Defendant also violated the ADA in "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who

is an applicant or employee;" i.e., Plaintiff Loberg, by failing or refusing to provide him with additional medical leave to treat his medical condition or to facilitate his return to work therefrom.

40. Additionally, Defendant violated the ADA (42 U.S.C. § 12203) by discriminating against (i.e., firing) Plaintiff Loberg for "oppos[ing] any act or practice made unlawful" by the ADA; specifically, refusing to participate in the above-described unlawful medical examination.

41. By its conduct, Defendant violated 42 U.S.C § 12101, *et seq*. by discriminating against Plaintiff Loberg after he refused to partake in an unlawful business practice.

42. As a direct and proximate result of Defendant's unlawful conduct in violation of the ADA, Plaintiff Loberg has suffered the loss of past and future income, mental anguish, emotional distress, loss of benefits, and other damages in an amount in excess of $75,000.00.

## COUNT II

**Retaliation in Violation of the ADA, 42 U.S.C. § 12101, *et seq*.**

43. Plaintiff Loberg repeats, reallages, and incorporates by reference all preceding paragraphs as if fully set forth herein.

44. The ADA provides, in relevant part that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter. . ." 42 U.S.C. § 12203(a).

45. Plaintiff Loberg engaged in conduct protected by the ADA when he requested time off from work to treat his disability and when he opposed Defendant Caterpillar's unlawful medical examination policy.

46. By its conduct, Defendant violated 42 U.S.C. § 12101 *et seq*., by retaliating against Plaintiff for engaging in protected activity.

47. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered the loss of past and future income, mental anguish, emotional distress, loss of benefits, and other damages in an amount in excess of $75,000.

## COUNT III

### Interference in Violation of the
### Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq*.

48. Plaintiff Loberg repeats, reallages, and incorporates by reference all preceding paragraphs as if fully set forth herein.

49. As used in the FMLA, specifically 29 U.S.C. § 2611(2)(A), the term "eligible employee" means "an employee who has been employed - - (i) for at least 12 months by the employer to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period."

50. Plaintiff Loberg is an "eligible employee" within the meaning of the FMLA.

51. As used in the FMLA; specifically 29 U.S.C. § 2611(11), the term "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves-- (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider."

52. Plaintiff Loberg has a "serious health condition" within the meaning of the FMLA.

53. As used in the FMLA; specifically 29 U.S.C. § 2611(4)(A), the term "employer" "(i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."

54. Defendant Caterpillar s an "employer" within the meaning of the FMLA.

55. The FMLA provides, in relevant part, that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

56. Federal regulations further provide that "[w]hen an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances," and that "[f]ailure to follow the notice requirements set forth in this section may constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights." 29 C.F.R. §§ 825.300(b)(1), 825.300(e).

57. By its conduct described above, and by its failure to notify Plaintiff Loberg of his eligibility to take FMLA leave, Defendant Caterpillar interfered with, restrained, or denied Plaintiff's Loberg's exercise of or attempt to exercise rights under the FMLA in violation of 29 U.S.C § 2615(a)(1).

58. As a result of Defendant's violation of 29 U.S.C. § 2615(a)(1), Plaintiff has suffered and continues to suffer loss of income and other benefits in an amount in excess of $75,000.00.

## COUNT IV

### Disability Discrimination in Violation of the
### North Dakota Human Rights Act, N.D. Cent. Code § 14-2.4-01, *et seq.*

59. Plaintiff Loberg repeats, reallages, and incorporates by reference all preceding paragraphs as if fully set forth herein.

60. As used in the NDHRA, the term "employee" means "a person who performs services for an employer, who employs one or more individuals, for compensation, whether in the form of wages, salaries, commission, or otherwise." N.D. Cent. Code § 14-02.4-02(7).

61. Plaintiff Loberg is an "employee" within the meaning of the NDHRA.

62. As used in the NDHRA, the term "disability" means a physical or mental impairment that substantially limits one or more major life activities, a record of this impairment, or being regarded as having this impairment." N.D. Cent. Code. § 14-02.4-02(5).

63. As set forth at length above, Plaintiff Loberg is hearing impaired, and is substantially limited in one or major life activities; specifically, hearing. As such, Plaintiff Loberg suffers from a "disability" within the meaning of the NDHRA.

64. As used in the NDHRA, the term "employer" means "a person within the state who employs one or more employees for more than one quarter of the year and a person wherever situated who employs one or more employees whose services are to be partially or wholly performed in the state." N.D. Cent. Code § 14-02.4-02(8).

65. Defendant Caterpillar is an "employer" within the meaning of the NDHRA.

66. The "NDHRA" provides, in relevant part, that "[i]t is a discriminatory practice for an employer … to discharge an employee; or to accord adverse or unequal treatment to an individual or employee with respect to application, hiring, training, apprenticeship, tenure, promotion, upgrading, compensation, layoff, or a term, privilege, or condition of employment, because of … physical or mental disability. . ." N.D. Cent. Code § 14-02.4-03(1).

67. Additionally, the NDHRA provides that "[i]t is a discriminatory practice for an employer to fail or refuse to make reasonable accommodations for an otherwise qualified individual with a physical or mental disability. . ." N.D. Cent. Code § 14-02.4-03(2).

68. As set forth in detail above, Caterpillar engaged in a discriminatory practice in violation of the NDHRA by applying unequal treatment to Plaintiff Loberg because of his physical disability, in that it utilized discriminatory return to work standards, criteria, or other methods of

administration pursuant to which Defendant required Plaintiff Loberg to provide medical documentation over and above that his supervisor admitted was sufficient to document his condition and ability to return to work, and further sought to compel his attendance at an unlawful medical examination.

69. Defendant also violated the NDHRA in "fail[ing] or refus[ing] to make reasonable accommodations for an otherwise qualified individual with a physical or mental disability" i.e., Plaintiff Loberg, by failing or refusing to provide him with additional medical leave to treat his medical condition or to facilitate his return to work therefrom.

70. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brian Loberg prays for judgment against Defendant Caterpillar, Inc., and for the following relief:

A. For compensatory damages, including damages for loss of income, past and future, emotional distress, past and future, and other financial and emotional losses, all in amounts in excess of $75,000.

B. For all relief available for Defendant's violations of 42 U.S.C. § 12101, *et seq.*;

C. For all relief available for Defendant's violations of 29 U.S.C. § 2601, *et seq.*;

D. For all relief available for Defendant's violations of N.D. Cent. Code § 14-02.4-01, *et seq.*,

E. For his costs, disbursements, and attorney's fees; and

F. For such other and further relief as the court deems just and equitable under the circumstances.

Dated: January 14, 2018

_____
Christopher J. Moreland, 0278142
Emma R. Denny, #0395334
Attorneys for Plaintiff
Halunen Law
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
moreland@halunenlaw.com
denny@halunenlaw.com